This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GINA CORDOVA,**

Petitioner-Appellant,

v.                                                              **NO. 32,961**

**TONY CORDOVA, JR.,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene Marsh, District Judge**

Tucker, Burns, Yoder & Hatfield
Mitchel S. Burns
Farmington, NM

for Appellant

Kathrin Kinzer-Ellington
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Gina Cordova (Petitioner) appeals the final decree entered in this divorce proceeding, asserting five separate points of error. In our notice of proposed summary disposition, we proposed a partial reversal. Petitioner has filed a memorandum in support of that disposition, and Tony Cordova, Jr. (Respondent) has filed a memorandum in partial opposition. With regard to the matters contested by Respondent, we have proposed to reverse the district court's findings regarding the amount of interim support arrearage owed by Respondent; to set aside the district court's award of spousal support, which was calculated on the basis of the mistaken interim support arrearage; and to reverse the district court's child support award with instructions that an award calculated on the basis of twelve months worth of Respondent's income be entered pursuant to NMSA 1978, Section 40-4-11.1(K) (2008). We have duly considered Respondent's arguments concerning these issues and remain unpersuaded by those arguments.

{2}     Although Petitioner also sought modification of the district court's order regarding visitation, our notice of proposed summary disposition proposed to affirm that order and, as noted above, Petitioner does not oppose that summary disposition. We therefore consider that issue abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (providing that an issue is deemed abandoned where a party does not respond in opposition to the proposed disposition of the issue);

*Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (noting that "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"). Similarly, with regard to attorney fees sought by Petitioner, neither party opposes our proposal that the district court be instructed on remand to make appropriate findings and rule upon that request.

**Interim Support Arrearage and Spousal Support**

{3}     Our notice of proposed summary disposition proposed to reverse the district court's finding that Respondent owed Petitioner an interim support arrearage of $3,846. [CN 4] Specifically, we noted that the calculation of arrears incorporated into the final decree appears to be premised upon a misinterpretation of a previously entered interim support order. Although Respondent's memorandum in opposition argues that the district court's interim support arrearage should be left intact, neither party to this appeal disagrees with our proposed interpretation of the interim support order.

{4}     That order resulted from the fact that this case was consolidated with a previously filed domestic violence case. At the time of that consolidation, a stipulated child custody and support order had already been entered in the domestic violence case, pursuant to which Respondent agreed to pay $1,200 per month in interim child support. [RP 17-18] After the domestic violence case and the divorce action were

consolidated, Petitioner filed a motion for interim relief, in which she requested an equitable division of income, consistent with the order contemplated by Rule 1-122(A) NMRA (requiring equal division of community income and expenses during pendency of a dissolution action). That motion was filed on March 5, 2012. [RP 13] On May 31, 2012, the district court heard that motion and imposed on Respondent an ongoing interim support obligation of $2,482 per month, retroactive to March 2012. [RP 97]

{5} At the same time, the district court relieved Respondent of his obligation to pay interim child support pursuant to the previously entered stipulated child custody and support order and also credited him with an offset for the amounts he had paid under that order for the months of March, April, and May. [Id.] Thus, as of May 31, 2012, Respondent owed a total arrearage of $3,846, and was ordered to pay $2,482 per month until further order of the court. [RP 97-98; CN 3] Rather than beginning to make payments in that amount, however, Respondent continued to make support payments of only $1,200 per month until the entry of a final decree in December of 2012. [DS 5] Although those support payments were $1,282 less than ordered for the next seven months (from June through December), the district court's final decree in this case found that Respondent's support arrearage was only $3,846—the same

amount that Respondent owed at the end of May, and which Respondent had never paid in the interim. [RP 182]

{6}     Before proceeding, we note that the parties to this appeal do not dispute any of the above-described facts and do not offer any alternative interpretation of the district court's orders leading up to the final decree. Thus, Respondent acknowledges that: on May 31, 2012, he owed an interim support arrearage of $3,846; for the next seven months, his interim support payments were $1,282 per month less than what was ordered by the district court; and, in its final decree, the district court found Respondent's arrearage to be only $3,846. *See Hennessy*, 1998-NMCA-036, ¶ 24 (noting that the party opposing summary disposition has burden of pointing out factual errors affecting proposed disposition). Based upon these three facts, it would appear that the district court's final decree failed to account for seven months worth of underpaid interim support, in the total amount of $8,974 (for example, $1,282 times seven months).

{7}     Respondent, however, points out that all interim orders are subject to revision at any time prior to final disposition and suggests that the district court's final decree may have intentionally (and retroactively) modified his interim support obligation. [MIO 3-4] In doing so, Respondent posits alternative methods by which the district court may have arrived at an arrearage that just happened to match the $3,846 he owed

back on May 31. [MIO 3-9] Respondent suggests, for instance, that the district court may have intended to reduce that arrearage in its final order on the basis of additional income received by Petitioner during the pendency of the case, or on the basis of evidence that Respondent's income decreased during the pendency of the case. [MIO 5-8]

{8} Respondent's hypothesis, however, is contradicted by the findings incorporated into the district court's final decree, which recite that the $3,846 arrearage "includes the months of March, April and May, 2012," and that, "*[p]ursuant to the interim support order . . .* interim support terminated [on] June 1, 2012." (emphasis added) [RP 182] For the reasons stated in our notice of proposed summary disposition, it is clear that the only support obligation that terminated on June 1, 2012, was the interim child support of $1,200 per month, and that the interim support obligation in the amount of $2,482 per month continued until the entry of the final decree. And, as already noted, neither party disputes that conclusion. We, therefore, hold that the district court's contrary finding that interim support somehow terminated on June 1, 2012, is unsupported by the evidence, and the final decree is reversed to the extent that it incorporated that finding. Once that unsupported finding is set aside, it appears that Respondent's arrearage at the time of the final decree, calculated on the basis of the interim support order, would have totaled $12,820 (for example, $3,846 for the

6

months of March, April and May plus $8,974 that was underpaid from June through December).

{9} The amount of the interim support arrearage was principally relevant in this case because the district court used that arrearage as an indirect offset against spousal support awarded in the final decree. [RP 182] Because that spousal support was based, in part, upon the district court's finding that Respondent owed an arrearage of $3,846, our notice of proposed summary disposition proposed to set aside the award of spousal support in order that the district court be given the opportunity to adjust the amount of support based upon a correct calculation of the interim arrearage. [CN 5] Respondent's opposition to that course of action is based entirely upon his argument that the arrearage calculation need not be corrected. [MIO 9-10] Because we remain convinced that the arrearage was incorrectly calculated, the final decree's award of spousal support is set aside and the case is remanded in order to provide the district court with an opportunity to adjust that award in a way that accounts for the additional $8,974 that Respondent should have paid during the months of June through December.

**Child Support**

{10} Our notice of proposed summary disposition also proposed to reverse the district court's award of $1,133 per month in child support to allow for the entry of

a new award calculated on the basis of a twelve-month average of Respondent's income as required by Section 40-4-11.1(K). Respondent's memorandum in opposition concedes that his income fluctuates from month to month [MIO 14] and does not dispute that the child support guidelines require, in such circumstances, that support be based upon "an average of the last twelve months, if available, or last year's income tax return." Section 40-4-11.1(K). Instead, Respondent points out that the district court did not attach a child support worksheet to its final decree and suggests that it is possible that the district court's award actually was based upon a twelve-month average of his income. [MIO 10-12]

{11}    In order to suggest that possibility, however, Respondent actually calculates a purported "twelve-month" average based upon his earnings from January 1, 2012 to December 2, 2012—a period of eleven months. [MIO 11; *see also* RP 128] (showing Respondent's year-to-date pay as of the pay period ending on December 2, 2012). Further, in doing so Respondent actually characterizes his pay for the second half of November as being pay for the first half of December, adds that amount to the year-to-date total (on the assumption that pay for the second half of December will be the same amount), and then divides the result by twelve to produce a purported average monthly income of $5,473. [MIO 10-11] We note, however, that—using the same evidence—one could simply divide Respondent's income for the first eleven months

8

of 2012 by eleven. That calculation would produce an eleven-month average of $5,840 per month. [see RP 128]

{12} Ultimately, Respondent is arguing that his average income for the twelve months preceding the final hearing in this case can somehow be calculated from the eleven months of data available on a pay stub that was introduced as evidence. And, in order to arrive at a child support obligation of $1,133, he must also characterize a paycheck for the pay-period ending on the second of December as representing his pay for half of December. [see MIO 10-11] We are unpersuaded that the district court's award of $1,133 per month in child support was based upon any such calculations, especially given the fact that a much more obvious basis for that award appears in the record proper.

{13} Prior to the final hearing in this matter, Respondent submitted two child support worksheets as part of his proposed resolution of issues. [RP 125-26] One of those worksheets calculated child support based upon an average of his income for the preceding four months, while the other used his average income for the preceding six months. [RP 117-18] The worksheet based upon a six-month average of Respondent's income produced the same basic support obligation—$1,133 per month—that was ultimately ordered by the district court. [RP 126] It thus appears likely that the district

court based its child support award upon an average of the Respondent's income for the preceding six months, contrary to requirements of Section 40-4-11.1(K).

{14} In any event, we have merely proposed to reverse the award of child support in order that the district court may enter an award that is consistent with the guidelines' requirement that a twelve-month average of Respondent's income be used to calculate the amount of support. On remand, the district court will have an opportunity to do so on the basis of the evidence before it. As explained in the statutory guidelines, this requires that the district court use "an average of the last twelve months, if available." Section 40-4-11.1(K). In the absence of evidence from which such an average could be calculated, the guidelines allow for the use of the prior year's tax return. *Id.* In this case, the prior year was 2011, and the information necessary to complete a child support worksheet is available in the form of Respondent's W-2 from that year, which was received in evidence. [RP 180]

**CONCLUSION**

{15} The district court's orders regarding visitation are affirmed. The district court's finding regarding Respondent's interim support arrearage is reversed and the award of spousal support is set aside in order that the district court may adjust that award consistent with the Respondent's actual arrearage. The district court's award of child support is also reversed with instructions to enter an award calculated on the basis of

10

twelve months worth of Respondent's income as mandated by Section 40-4-11.1(K). On remand, the district court is further instructed to make appropriate findings with regard to Petitioner's request for attorney fees and to rule upon that issue.

{16}     **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**